# Fidelity Bond and Mortgage
# Company v. Clark

*Mary C. McMonagle*, for plaintiff.
*Carol Sanders*, for defendants.
*Peter F. Vaira, U.S. Attorney*, for U.S.A.

PRATTIS, *J.*, August 30, 1978—The preliminary objections of defendant, Mae Clark ("Clark"), to the complaint in mortgage foreclosure filed by plaintiff, Fidelity Bond and Mortgage Company ("Fidelity"), are before the court. Clark alleges that Fidelity failed to give proper notice of its intention to foreclosure, as required by the Act of January 30, 1974, P.L. 13, 41 P.S. §403 (Act No. 6), and that Fidelity also failed to comply with the Federal Rules and Regulations promulgated by the Department of Housing and Urban Development ("HUD") specifically, 24 C.F.R. §203.500 et seq. Clark contends that Fidelity's failure to comply with the aforementioned provisions constitutes a failure to meet the

jurisdictional prerequisites to bringing this action. Clark therefore requests that the complaint be dismissed.

The pertinent facts are as follows: Robert Clark and Mae Clark, his wife, made, executed and delivered a mortgage on the premises located at 6528 North Beechwood Street, Philadelphia, Pa., to Fidelity on September 20, 1973. Said mortgage was duly recorded and was Federally insured. Fidelity assigned the mortgage to the Commonwealth of Pennsylvania School Employees Retirement Fund on January 14, 1974. However, on October 12, 1977, the mortgage was reassigned to Fidelity.

Fidelity alleges that Clark has made no payments of principal, interest, insurance or taxes since May 1, 1977, and that the mortgage is in default. Fidelity seeks a judicial sale of the aforementioned premises, and initially demanded judgment against Clark in the amount of $11,130.69. The amount of the judgment sought by Fidelity has been reduced to $10,664.98 by way of amended complaint in mortgage foreclosure filed with the court on February 17, 1978. The reduction of $465.71 represents the amount originally claimed as "5% attorney fee." The amended complaint seeks judgment "in the amount of $10,664.98, plus reasonable attorney fees actually incurred, as the court may order."

In plaintiff's answer to preliminary objections of defendant Mae Clark, Fidelity alleges that it complied with Act No. 6, as well as the Federal Rules and Regulations promulgated by HUD. Fidelity alleges that its notice of intention to commence legal action and/or foreclosure, attached as Exhibit "B" to the complaint, was forwarded to Clark and that it complies with the statutory mandate, in that it clearly and conspicuously sets forth the

mortgagor's rights and obligations on default. The notice is dated September 20, 1977, and provides:

### "THIRTY DAY NOTICE OF INTENTION TO COMMENCE LEGAL ACTION AND/OR FORECLOSURE PROVIDED UNDER ACT 6 of 1974

Account No: 53710-0      Date: September 20, 1977

To: Mae Clark      Mortgaged Premises:
     6528 N. Beechwood Street    6528 N. Beechwood Street
     Philadelphia, Penna. 19138   Philadelphia, Penna. 19138

### NATURE OF DEFAULT:

FAILURE TO PAY THE MONTHLY PAYMENTS DUE ON THE FIRST DAY OF May 1, 1977 thru September 1, 1977 TOGETHER WITH LATE CHARGES REQUIRED BY THE MORTGAGE plus $140.68 after 9/30/77

TOTAL AMOUNT REQUIRED: $742.81, TOGETHER WITH ADDITIONAL PAYMENTS FALLING DUE AFTER THE DATE OF THIS NOTICE.

In view of the above-specified default, we will take action AFTER THIRTY DAYS to terminate your ownership and possession of the above premises by:

1. Declaring the entire principal balance on your mortgage obligation, and all other lawful charges, due and payable immediately;

2. Instructing our attorney to take further action and/or institute foreclosure proceedings and cause the sheriff to sell the residence secured by the mortgage indebtedness at sheriff's sale, which will entail costs and expenses permitted by law;

3. Taking possession of the residence secured by your mortgage indebtedness as soon as authorized by due course of law.

## YOU HAVE THE FOLLOWING RIGHTS AND OBLIGATIONS UNDER ACT 6 of 1974:

(1) To cure default by making payment of all sums above due by cash, cashier's check, certified check, or money order within thirty days from the date hereof, including all delinquent payments and late charges provided for in the security documents; (2) Performance of any other obligations for the mortgage and the indebtedness secured thereby required to be performed in the absence of default and exercise of the acceleration clause if any; (3) The right to transfer, if the mortgage so provides, the mortgaged premises to another person subject to the lien of the mortgage, and the transferee's right, if any, to cure the default or your right to refinance the indebtedness secured by the mortgage; (4) After the expiration of the thirty-day period and prior to the institution of foreclosure, you may be required to pay reasonable costs incurred by the mortgage, together with counsel fees not to exceed $50.00, as permitted under the Act; (5) After the institution of foreclosure, pay or tender all arrearages together with late charges and any reasonable fees allowed under the Act, and reasonable costs of the proceedings to foreclose as specified in writing by the residential mortgage lender actually incurred to the date of payment; (6) After the institution of foreclosure, to cure default as aforesaid at any time at least one hour prior to the commencement of bidding at sheriff's sale, not more than three times in any calendar year.

If your default has been cured, you may disregard this notice. If not, contact our Foreclosure Department by telephone between the hours of 9:00 a.m. and 4:30 p.m. to advise us of your intention of compliance or non-compliance.

FIDELITY BOND AND MORTGAGE COMPANY
*Betty A. Baltrunas,* ASST. VICE PRESIDENT
Foreclosure Department"

The first issue to be addressed is whether Fidelity's "notice" is clear and conspicuous, as required by 41 P.S. §403 (Act No. 6). The pertinent provisions of that act provide:

"(c) The written notice shall clearly and conspicuously state:

"(1) The particular obligation or real estate security interest;

"(2) The nature of the default claimed;

"(3) The right of the debtor to cure the default as provided in section 404 of this act and exactly what performance including what sum of money, if any, must be tendered to cure the default;

"(4) The time within which the debtor must cure the default;

"(5) The method or methods by which the debtor's ownership or possession of the real estate may be terminated; and

"(6) The right of the debtor, if any, to transfer the real estate to another person subject to the security interest or to refinance the obligation and of the transferee's right, if any, to cure the default."

The purpose of Act No. 6 and the "clear and conspicuous" requirement of the act are discussed in Charles H. Salmon Building and Loan Association v. Mroz, 6 D. & C. 3d 59, 62 (1977). In that case the court reasoned that Act No. 6 was intended to minimize injustice to non-commercial consumers with respect to foreclosure of residential mortgages, hence sections 401-408 are entitled Protective Provisions. The court held that Act No. 6 re-

quired more than a simple incorporation of a statement of the debtor's rights in a letter without emphasis, stating that "such statement must be in relatively large letters or underscored or in a different color from the rest of the notice or emphasized in some other way that would cause the attention of a reader of ordinary intelligence to be drawn to it."

In this case, Fidelity's notice contains phrases in capital letters, larger than the rest of the form, denoting the nature of default, the total amount required, and a sentence stating: "You Have The Following Rights And Obligations Under Act 6 of 1974." There is also the phrase "After Thirty Days" in all capital letters which Fidelity contends informs the mortgagor of the time within which he must act. The rights and obligations of the mortgagor are set out in paragraph form with each item separately numbered. We conclude therefore that Fidelity's notice satisfies the "conspicuous" requirement of the statute, in that the attention of a person of ordinary intelligence would have been drawn to it.

Act No. 6, however, also requires that the notice clearly state the mortgagor's rights and obligations. The plain meaning of this requirement is that the language of the notice must be reasonably understandable to a person of average intellect. Fidelity's notice makes use of technical legalistic terms as well as statutory language *quoted verbatim.* For instance, item (2) set out under the debtor's rights and obligations reads: "Performance of other obligations for the mortgage and the indebtedness secured thereby required to be performed in the absence of default and exercise of the acceleration clause, if any." Such language *may* be clear to

legislators and lawyers, but fails to inform a person of average intellect specifically what obligations are required to be performed. Moreover, it fails to state with specificity the possible amount the mortgagor would be required to pay for such a cure. Items (4), (5) and (6) reveal the same defect. Considering the nature of the information required to be set out in the statute, and the purpose for which the statute was inacted, Fidelity's notice may well have been more effective had it set forth the information in terms readily understandable by a lay person. Fidelity's notice is in technical compliance with Act No. 6. Such strict compliance does not comport with the purpose of the act, however, and is so insufficient as to require dismissal of the complaint. We conclude, therefore, that Fidelity's notice is drawn largely in the complex and turgid language of the statute, and as such failed to advise the debtor of the rights and obligations on default, as required by Act No. 6. Accordingly, the preliminary objections to the complaint shall be sustained, and the complaint is dismissed.

As we have concluded, for the foregoing reasons, that the complaint in mortgage foreclosure is dismissed, we need not reach the question of Fidelity's alleged noncompliance with the Federal rules and regulations promulgated by HUD.

## ORDER

And now, August 30, 1978, it is hereby ordered and decreed that defendant Mae Clark's preliminary objections are sustained, and plaintiff's complaint in mortgage foreclosure is hereby dismissed.